1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11

12  RICHARD L. GATES, JR.,

13                  Plaintiff,          CIV. S-05-1374 DFL PAN PS

14           v.
                                               ORDER and
15  COUNTY OF LAKE et al.,            FINDINGS AND RECOMMENDATIONS

16                  Defendants.

17                              -o0o-

18       On July 8, 2005, plaintiff filed an application to

19  proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and a

20  proposed complaint.

21       Plaintiff's affidavit states that he receives $815 per

22  month disability payments, has no cash or bank accounts, his only

23  asset is a 1986 vehicle valued at $1000, and his wife is

24  dependent upon him for support.  Plaintiff's affidavit

25  demonstrates that because of poverty he cannot pay or give

26  security for court costs and still be able to provide himself and

1 his dependent with the necessities of life.  See Adkins v. E.I.

2 Dupont de Nemours & Co., 335 U.S. 331, 339 (1948).

3   Accordingly, plaintiff's application to proceed in forma

4 pauperis is granted and the Clerk of Court is directed to open a

5 civil file.

6   A federal court must, however, dismiss the complaint of a

7 plaintiff proceeding, or seeking to proceed, in forma pauperis if

8 at any time the court determines the action is frivolous,

9 malicious, fails to state a claim upon which relief may be

10 granted, or seeks monetary relief from a defendant who is immune

11 from such relief.  28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), (iii).

12   The complaint asserts plaintiff should have been awarded

13 custody of his son, now 24 years of age, and that defendant

14 county's child support and arrears assessments failed to take

15 into consideration plaintiff's inability to work due to his

16 disabilities.  Attached to the complaint is the 1981 birth

17 certificate of plaintiff's son and a 1998 Notice of Intent to

18 Report to Credit Bureaus issued by the Salinas Child Support

19 Enforcement Unit.  Plaintiff states on the civil cover sheet that

20 his cause of action is "infringed family law."

21   Resolution of child custody and related family law issues

22 lies only with the laws of the states, as interpreted by the

23 state courts.  In re Burrus, 136 U.S. 586, 593-594 (1890); Moore

24 v. Sims, 442 U.S. 415, 435 (1979) ; Elk Grove Unified School

25 Dist. v. Newdow, 124 S.Ct. 2301, 2309 (2004).  This court is

26 without subject matter jurisdiction to consider plaintiff's

1  complaint.

2          Accordingly, the complaint should be dismissed for

3  failure to state a claim upon which relief may be granted. 28

4  U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(b)(1).

5          These findings and recommendations are submitted to the

6  Honorable David F. Levi, the United States District Judge

7  assigned to this case.  28 U.S.C. § 636(b)(l).  Written

8  objections may be filed within ten days after being served with

9  these findings and recommendations.  The document should be

10  captioned "Objections to Magistrate Judge's Findings and

11  Recommendations."  The failure to file objections within the

12  specified time may waive the right to appeal the District Court's

13  order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14          Dated:  December 12, 2005.

15                              /s/ Peter A. Nowinski
16                              PETER A. NOWINSKI
                                Magistrate Judge

17

18

19

20

21

22

23

24

25

26